**Karl NICHOLS, Plaintiff,**

v.

**BELLAVISTA FARMS, INC., a corporation, Defendant.**

**Civ. No. 293–59.**

United States District Court
D. Oregon.
July 15, 1960.

Donald D. McKown, Hillsboro, Or., for plaintiff.

Meindl, Mize & Kriesien; Gerald J. Meindl, Portland, Or., Will G. Beardslee, Seattle, Wash., for defendant.

KILKENNY, District Judge.

Plaintiff charges defendant with a breach of warranties growing out of the sale of certain cows by defendant to the plaintiff at an auction sale which was held in Hillsboro, Oregon, on December 8, 1956. Plaintiff claims that one or more of said cows were then infected with brucellosis, which spread to plaintiff's herd and caused an involuntary destruction of a portion thereof.

At the close of the trial the plaintiff moved to strike defendant's contentions numbered VII and VIII. There is no evidence to support these contentions and the same are stricken.

Defendant, for a good many years, operated a registered dairy farm both for the production of milk and the breeding of registered Jersey cattle. In 1956, defendant decided to have what it termed a "Golden Opportunity" sale, the same being held at Hillsboro, Oregon, on the date above mentioned. Plaintiff, together with sixteen other people, appeared at said sale and bought the registered cattle there offered, plaintiff purchasing the cows above mentioned. Prior to the sale, defendant published what was

termed a catalog describing the cows to be sold and the conditions of the sale. Included under warranties on page 56 was the following:

> "Unless otherwise noted in the catalog or announced from the auction stand, each animal is sold as sound."

At the bottom of the same page, under "Health of Cattle" is the following:

> "All have been tested for Bangs and shown negative within thirty days of the sale."

It is the plaintiff's contention that these warranties were in fact breached by the defendant and that defendant violated the provisions of ORS [1] 75.150, which reads:

> "An implied warranty or condition as to quality or fitness for a particular purpose may be annexed by the usage of trade."

Defendant meets plaintiff's charges with four principal contentions:

1. That the Court has no jurisdiction on the following grounds: (a) that defendant was not doing business in the State of Oregon and that the person on whom the process was served was not subject to service at that time; and (b) that plaintiff and his wife were partners engaged in the partnership business and that his wife was an indispensable party.

2. That plaintiff has failed to sustain the burden of proving that defendant breached a warranty, express or implied, in the sale of such cows.

3. Assuming, *arguendo*, that plaintiff has sustained the burden of proof, nevertheless, plaintiff cannot recover by reason of his failure to give defendant any notice of the breach or notice within a reasonable time.

4. Assuming, *arguendo*, that defendant is liable, its liability is limited by reason of the provisions of the contract between the parties.

### Jurisdiction

I have carefully reexamined the question of jurisdiction raised by the defendant and adhere to my previous opinion dated November 3, 1959, 186 F. Supp. 270, in which I held that defendant was doing sufficient business in the State of Oregon to justify service of process on it in that state within the limitations of the doctrine as taught by Enco, Inc. v. F. C. Russell Company, 210 Or. 324, 311 P.2d 737, and International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Since defendant was doing business in said state, I hold that the service on defendant's representative was sufficient to give this Court jurisdiction.

In the pre-trial order the parties admit that plaintiff, rather than a partnership, was the purchaser of the four cows. The warranties, under such an admission, would run to the plaintiff, rather than a partnership. Furthermore, the fact that the plaintiff and his wife owned the "farm" would not prove that the wife had an interest in the dairy herd. "Farm" signifies a piece of *land* used wholly or principally for agricultural purposes. In re Drake, D.C., 114 F. 229, 231; State Industrial Accident Commission v. Eggiman, 172 Or. 19, 139 P.2d 565. I hold that the Court has jurisdiction.

### Issues of Fact

The transcript of testimony in this case consists of 280 pages. A complete recitation of the facts would be of no benefit to the parties, the legal profession or the Courts. Plaintiff relies entirely on alleged inferences to be drawn from the fact that plaintiff's dairy herd became infected with brucellosis and on the alleged fact that the dairy herds of other purchasers at said sale became so infected. The record discloses that plaintiff's cattle could well have been infected from other sources and may have been so infected at the time plaintiff bought a herd of cattle from one McColloch on

---

1. Oregon Revised Statutes.

July 1, 1956. Five of the animals so purchased had been tested prior to July 1, 1956 and found to be suspects. In this condition of the record, I find and hold that plaintiff has failed to sustain the burden of proof on the vital issue of breach of warranties as claimed. The circumstantial evidence produced by plaintiff is entirely consistent with the opposing theory of defendant and therefore proves nothing. United States Fidelity & Guaranty Co. v. Des Moines National Bank, 8 Cir., 145 F. 273; Mutual Life Insurance Company of New York v. Zimmerman, 5 Cir., 1935, 75 F.2d 758.

 In view of my holding on the issues of fact with reference to the breach of warranties, a discussion of notice, or reasonable notice, of the alleged breaches would seem to be academic. However, I hold that plaintiff failed to give any notice of the breach of the alleged warranty as required by ORS 75.490 and that if the letter of plaintiff to defendant dated September 11, 1958 would be viewed as a notification within the provisions of such statute, such notification was not given within a reasonable period of time. At that date plaintiff was being forced to dispose of his entire herd of unvaccinated animals and approximately one year had expired. Since plaintiff, by his own admission, suspected brucellosis infection in his herd in the late summer of 1957, he was under a statutory obligation to give notice to defendant within a reasonable time after that date. His failure to give such notice could well have prevented defendant from securing testimony which might have been valuable in its defense. The requirement relevant to the giving of notice is a condition precedent to recovery for breach of warranty. Maxwell Co. v. Southern Oregon Gas Corporation, 158 Or. 168, 74 P.2d 594, 75 P.2d 9, 114 A.L.R. 697; Tripp v. Renhard, 184 Or. 622, 200 P.2d 644.

Defendant's counsel shall draft, serve and present proposed findings and judgment in accordance with this opinion.